22 C. C. P. A. (Patents)

## In re DEMASTER.

### Patent Appeal No. 3463.

Court of Customs and Patent Appeals. April 15, 1935.

25, 1909; Shaw, 1,206,148, November 28, 1916; Carl, German, 203,782, October 28, 1908.

Clarence A. O'Brien, of Washington, D. C. (Chas. E. A. Smith and Thomas E. Turpin, both of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming that of the Examiner denying patentability in view of the prior art of application for patent entitled "For Ball Tossing Game." As finally acted upon, the application contained only one claim. It reads: "4. A ball bagging device for use in playing a ball tossing game of the class described, said device comprising a relatively tall substantially rectangular board adapted, when in playing position, to be maintained in an approximately vertical, slightly inclined position with its lower edge resting on the floor, said board being substantially imperforate throughout its entire area with the exception of a single ball accommodating hole, the hole being formed in the upper central portion of the board and being of comparatively large diameter, a prop in the form of a braced frame having legs of a longitudinal dimension less than the longitudinal dimension of the board, the extreme upper ends of the legs of the frame being hingedly attached to the rear upper portion of the board at a point above the top of the ball accommodation hole, foldable link stay devices connected with the intermediate portions of the legs of the frame and adjacent longitudinal edge portions of the board to permit the frame to be folded compactly against the rear side of the board and also to permit the frame to occupy a downwardly diverging position with respect to the board when the latter is in use, and a normally distended self sustaining bag hanging down between the board and frame and having its upper mouth portion attached to the rear side of the board about and in registration with the ball accommodation hole."

The references cited are Shedlock, 243,-407, June 28, 1881; Parker, 922,717, May

The claim defines the device in detail. The material elements are a board with a hole therein through which the ball is to be pitched into a bag attached at the back of the board, the board having a prop hingedly fastened to its back, and foldable link stay devices to permit the frame to be folded compactly against the board's rear side.

The German patent to Carl relates to a ball game apparatus in which the ball is thrown upon a bouncing board, the objective being to have it bounce from the board to be received by some one of a series of nets in the form of pockets attached beneath holes in a plate arranged above and at an appropriate distance from, and in proper relation to, the board. The plate is hingedly attached to a support. The device is so constructed as that it may be compactly packed, but in order to do this it is necessary to separate certain of its parts.

The patent to Parker also relates to a game in which bags filled with beans, or the like, are pitched, after the fashion of quoit pitching, at holes in a rectangular board which is so placed in a case or container, with proper hinging, as that its upper end can be raised or lowered to the desired elevation so as to obtain the proper slant. The pocket board can be lowered in the case so that the case lid may be closed for convenience in transportation, or for any purpose desired. The holes in the board have pockets beneath them.

The patent to Shedlock relates to an easel for pictures and includes a support or prop with foldable links, while the patent to Shaw relates to a bulletin board and seems to have been cited because of its showing of an easel like support having pivoted legs.

It is conceded, as of course it must be, that the claim does not read upon any one of the references taken alone.

We think it must be further conceded that no one of the individual features in the respective patents cited could be of the slightest use in appellant's device without material alteration. This is particularly true of the features of the two patents relating to games; those of Parker and Carl.

Parker provides a device adapted to one kind of game; Carl a device adapted to

another kind; appellant provides a device adapted to a game differing from both, and presents a structure which differs materially and radically from the structures of both. Appellant's device is quite as distinct from each of the patented devices as each of those is from the others.

Viewing his structure as a whole, and measuring it by the art cited, we feel constrained to disagree with the tribunals of the Patent Office upon the question of its patentability. That any substantial doubt should be resolved in an applicant's favor is a familiar rule which we regard as applicable here.

The decision of the Board of Appeals is, therefore, reversed.

Reversed.